This opinion is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------------

No. 83
Aurora Loan Services, LLC,
          Respondent,
        v.
Monique Taylor, &c., et al.,
          Appellants,
et al.,
          Defendants.

Jeffrey Herzberg, for appellants.
Martin C. Bryce, Jr., for respondent.
MERSCORP Holdings, Inc., et al., amici curiae.

LIPPMAN, Chief Judge:

The issue presented by this appeal is whether plaintiff Aurora Loan Servicing, LLC had standing to commence this mortgage foreclosure action. We now affirm that part of the Appellate Division order (114 AD3d 627 [2d Dept 2014]) upholding Supreme Court's grant of summary judgment in favor of plaintiff, and hold

- 1 -

that Aurora did have standing.

Defendant Monique Taylor executed and delivered an adjustable rate note dated July 5, 2006 to First National Bank of Arizona, wherein she agreed to repay the bank $600,000.00, with interest. To secure the payment, Monique and Leonard Taylor (the Taylors) executed a mortgage with the bank, granting Mortgage Electronic Recording Systems, Inc. (MERS), as nominee, a mortgage lien on the property located in Fleetwood, New York. The note, however, was not transfered to MERS with the mortgage.

Subsequent to the note's execution, pursuant to a March 2006 pooling and servicing agreement (PSA), the loan was made part of a residential mortgage-backed securitization trust. Deutsche Bank Trust Company Americas (Deutsche), as trustee, became the owner of the note through an allonge indorsing the note to Deutsche, as required under the PSA. The allonge shows the chain of ownership of the note through indorsements from First National Bank of Arizona, to First National Bank of Nevada, to Residential Funding Company, LLC, to Deutsche.

On April 1, 2008, Aurora assumed servicer obligations under the PSA pursuant to a March 10, 2008 master servicing assignment and assumption agreement (MSAAA). The mortgage was subsequently assigned by MERS to Aurora on August 13, 2009, and recorded with the County Clerk on October 29, 2009.

Thereafter, the Taylors defaulted under the note and mortgage by failing to make the payment due on January 1, 2010,

and each month thereafter.  The Taylors have never disputed their obligation to make the payments or their default.  Multiple notices of default were mailed to the Taylors through May of 2010.

On May 14, 2010, Deutsche, by limited power of attorney, granted Aurora the right to perform certain acts in the trustee's name, including the execution of documents related to loan modification and foreclosure.  Aurora, through its agents, asserts it took physical custody of the original note on May 20, 2010.  Aurora commenced this foreclosure action by filing a summons and complaint with the Westchester County Clerk on May 24, 2010.  These were personally served upon the Taylors on May 29, 2010.  The Taylors filed an answer on June 29, 2010.

The Taylors filed a motion for summary judgment, asserting that Aurora did not have standing to bring this foreclosure action.  Aurora cross-moved for summary judgment.  In support of its cross motion, Aurora submitted the affidavit of Sara Holland (Holland Affidavit), Aurora's legal liaison,  who stated that based on her "personal knowledge" of the facts as well as her "review of the note, mortgage and other loan documents" and "related business records . . . kept in the ordinary course of the regularly conducted business activity," the "original Note has been in the custody of Plaintiff Aurora Loan Services, LLC and in its present condition since May 20, 2010."  Holland also stated that, "prior to the commencement of

the action, Aurora Loan Services, LLC, has been in exclusive possession of the original note and allonge affixed thereto, indorsed to Deutsche Bank Trust Company Americas as Trustee, and has not transferred same to any other person or entity."  A copy of the note and allonge were attached to the affidavit.

Supreme Court denied the Taylors' motion for summary judgment, granted Aurora's cross motion for summary judgment, and appointed a referee to determine the amount due under the note. Aurora then filed a motion for summary judgment of foreclosure and sale, which the Taylors opposed.  The court granted that motion on April 29, 2013, adopting the referee's recommendation without a hearing.  The Taylors appealed both orders.

The Appellate Division affirmed the first order, concluding that Aurora had proven its standing as a matter of law.  The Court concluded that, under New York law, the Holland Affidavit demonstrated that Aurora had obtained physical possession of the original note prior to commencement of this foreclosure action, and that such was legally sufficient to establish standing.  The Court specifically noted that the Taylors "offered no evidence to contradict those factual averments and, therefore, failed to raise a triable issue of fact with respect to [Aurora's] standing" (114 AD3d at 629).  However, the Court reversed the judgment of foreclosure and sale and remitted the matter to Supreme Court for further proceedings, concluding that Supreme Court erred in confirming the referee's

report because the referee had computed the amount due to Aurora without holding a hearing on notice to the Taylors (see id. at 629-630).  One Justice dissented, arguing that the Holland Affidavit was insufficient to confer standing on Aurora because it did not give sufficient "factual details" regarding the physical delivery of the note to Aurora (id. at 631, citing HSBC Bank USA v Hernandez, 92 AD3d 843, 844 [2d Dept 2012]).  Thereafter, the Appellate Division granted the Taylors' motion for leave to appeal, certifying the following question: "Was the decision and order of this Court . . . properly made?"

The critical issue we must resolve is whether the record demonstrates a basis for finding that Aurora had standing to commence this mortgage foreclosure action.  The physical delivery of the note to the plaintiff from its owner prior to commencement of a foreclosure action may, in certain circumstances, be sufficient to transfer the mortgage obligation and create standing to foreclose (see e.g. Bank of N.Y. Mellon Trust Co. NA v Sachar, 95 AD3d 695 [1st Dept 2012]; Deutsche Bank Natl. Trust Co. v Pietranico, 33 Misc 3d 528, 535 [Sup Ct, Suffolk County 2011]; In re Escobar, 457 BR 229, 240 [Bankr ED NY 2011]).

Applying these principles of New York law, Aurora was vested with standing to foreclose.  The evidence established that, as of 2006, Deutsche, as trustee under the PSA, became the lawful owner of the note.  The Holland Affidavit establishes that

Aurora came into possession of the note on May 20, 2010, prior to the May 24, 2010 commencement of the foreclosure action.  From these specific statements, together with proof of Aurora's authority pursuant to the MSAAA and the limited power of attorney, the Appellate Division held, "[i]t can reasonably be inferred . . . that physical delivery of the note was made to the plaintiff" before the action was commenced (114 AD3d at 629).

Contrary to the Taylors' assertions, to have standing, it is not necessary to have possession of the mortgage at the time the action is commenced.  This conclusion follows from the fact that the note, and not the mortgage, is the dispositive instrument that conveys standing to foreclose under New York law.  In the current case, the note was transferred to Aurora before the commencement of the foreclosure action -- that is what matters.

A transfer in full of the obligation automatically transfers the mortgage as well unless the parties agree that the transferor is to retain the mortgage (Restatement [Third] of Property [Mortgages] § 5.4, Reporter's Note, Comment *b*).  The Taylors misconstrue the legal principle that "an entity with a mortgage but no note lack[s] standing to foreclose" (Knox v Countrywide Bank, 4 F Supp 3d 499, 508 [ED NY 2014]) to also mean the opposite -- that an entity with a note but no mortgage lacks standing.  Once a note is transferred, however, "the mortgage passes as an incident to the note" (Bank of N.Y. v Silverberg, 86

AD3d 274, 280 [2d Dept 2011]).

"[A]ny disparity between the holder of the note and the mortgagee of record does not stand as a bar to a foreclosure action because the mortgage is not the dispositive document of title as to the mortgage loan; the holder of the note is deemed the owner of the underlying mortgage loan with standing to foreclose" (14A Carmody-Wait 2d § 92:79 [2012] [citations omitted]). Accordingly, the Taylors' argument that Aurora lacked standing because it did not possess a valid and enforceable mortgage as of the commencement of this action is simply incorrect. The validity of the August 2009 assignment of the mortgage is irrelevant to Aurora's standing.

The question that follows this analysis is whether Aurora adequately proved that it did, indeed, have possession of the note prior to commencement of this action. The Taylors argue that to demonstrate possession of the note Aurora had to produce the original mortgage note for examination, and that the Holland Affidavit does not suffice. Additionally, the dissent at the Appellate Division concluded that the affidavit was lacking details regarding Aurora's possession of the note.

As to production of the original note, there is no indication in the record that the Taylors ever requested such production in discovery or moved Supreme Court to compel such production. Although the Taylors assert that the best evidence rule should require production of the original, they fail to cite

any authority holding that such is required in this context. Second, Ms. Holland asserts in her affidavit that she examined the original note herself, and the adjustable rate note attachments submitted with the moving papers clearly show the note's chain of ownership through Deutsche.

Although the better practice would have been for Aurora to state how it came into possession of the note in its affidavit in order to clarify the situation completely, we conclude that, under the circumstances of this case, the court did not err in granting summary judgment to Aurora.

Insofar as Aurora argues that the Appellate Division erred in reversing the judgment of foreclosure, the issue is not properly before us because Aurora never obtained permission from the Appellate Division to appeal to this Court from the Appellate Division order (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151 n 3 [2002]).

Accordingly, the order of the Appellate Division, insofar as appealed from, should be affirmed, with costs, and the certified question answered in the affirmative.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order, insofar as appealed from, affirmed, with costs, and certified question answered in the affirmative. Opinion by Chief Judge Lippman. Judges Read, Pigott, Rivera, Abdus-Salaam, Stein and Fahey concur.

Decided June 11, 2015