■ BANK OF NEW YORK MELLON, Formerly Known as BANK OF NEW YORK, Respondent, v KATARZYNA VISCONTI, Appellant, et al., Defendants. [25 NYS3d 630]—

In an action to foreclose a mortgage, the defendant Katarzyna Visconti appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Jamieson, J.), entered February 25, 2015, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

"Where, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by the defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief" (*Citimortgage, Inc. v Stosel*, 89 AD3d 887, 888 [2011]). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it was either the holder or assignee of the underlying note at the time the action was commenced (*see Aurora Loan Servs., LLC v Taylor*, 114 AD3d 627 [2014], *affd* 25 NY3d 355 [2015]; *Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d at 754; *see Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 108 [2011]).

Here, in support of that branch of its motion which was for summary judgment on the complaint insofar as asserted against the defendant Katarzyna Visconti, the plaintiff demonstrated, prima facie, its standing as the holder of the note by submitting the affidavit of Seth Downing, an assistant vice president for the plaintiff's loan servicer, who established that the plaintiff had physical possession of the note prior to the commencement of the action (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361; *Wells Fargo Bank, N.A. v Rooney*, 132 AD3d 980 [2015]; *HSBC Bank USA, N.A. v Spitzer*, 131 AD3d 1206, 1207 [2015]; *Kondaur Capital Corp. v McCary*, 115 AD3d 649, 650 [2014]). The plaintiff further established, prima facie, its entitlement to judgment as a matter of law by produc-

ing the mortgage, the unpaid note, and evidence of Visconti's default (*see Emigrant Bank v Larizza*, 129 AD3d 904, 905 [2015]). In opposition, Visconti failed to raise a triable issue of fact. Visconti's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Visconti. Chambers, J.P., Austin, Miller and LaSalle, JJ., concur.