■ Security Lending, Ltd., Respondent, v New Realty Corp. et al., Appellants, et al., Defendants. [37 NYS3d 327]—

In an action to foreclose a mortgage, the defendants New Realty Corp., South Miller Realty, LLC, and Thomas Carchietta appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Winslow, J.), entered December 30, 2013, which, upon an order of the same court entered May 22, 2013, granting the plaintiff's renewed motion for summary judgment on the complaint and denying their cross motion, made jointly with the defendant James Carchietta, to vacate the note of issue, granted the plaintiff's

motion to confirm a referee's report dated August 22, 2013, confirmed the report, and directed the sale of the subject property.

Ordered that the order and judgment of foreclosure and sale is affirmed, with costs.

Where, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (*see Bank of N.Y. Mellon v Visconti*, 136 AD3d 950 [2016]; *HSBC Bank USA, N.A. v Spitzer*, 131 AD3d 1206, 1206-1207 [2015]). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it was either the holder or assignee of the underlying note at the time the action was commenced (*see Aurora Loan Servs., LLC v Taylor*, 114 AD3d 627 [2014], *affd* 25 NY3d 355 [2015]; *Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d at 754).

Here, in support of its renewed motion for summary judgment on the complaint, Rossrock Fund II, LP (hereafter Rossrock), the original plaintiff named in this foreclosure action, demonstrated, prima facie, its standing as the holder of the note. Rossrock submitted the affidavit of its vice president, James Ross. Ross averred that Rossrock had physical possession of the note prior to the commencement of the action, after the note and the subject mortgage were duly assigned to it from the original lender, Tuthill Finance. That assignment was established through the affidavit of Jeffrey Wain, a manager at Tuthill Finance (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361; *Bank of N.Y. Mellon v Visconti*, 136 AD3d at 950). Rossrock further established, prima facie, its entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of the appellants' default (*see HSBC Bank USA, N.A. v Spitzer*, 131 AD3d at 1206-1207). In opposition, the appellants failed to raise a triable issue of fact. The appellants' remaining contentions concerning summary judgment are without merit. Accordingly, the Supreme Court correctly granted Rossrock's renewed motion for summary judgment on the complaint.

The appellants' remaining contentions are either without merit or not properly before this Court.

To the extent that the appellants' brief purports also to be submitted on behalf of the defendant James Carchietta, we note that James Carchietta is not an appellant, as no notice of appeal was filed on his behalf. Rivera, J.P., Leventhal, Hinds-Radix and Brathwaite Nelson, JJ., concur.