■ GMAC MORTGAGE, LLC, Respondent, v JIMMIE SIDBERRY, Appellant. [40 NYS3d 783]—In an action to foreclose a mortgage, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), entered April 14, 2015, as granted the plaintiff's motion for summary judgment on the complaint and denied his cross motion for summary judgment dismissing the complaint.

Ordered that on the Court's own motion, the notice of appeal from a decision of the same court dated January 17, 2014, is deemed a premature notice of appeal from the order (*see* CPLR 5520 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The sole issue presented on appeal is whether the plaintiff established standing to foreclose the mortgage on the defendant's property. Where, as here, standing is put into issue by the defendant, the plaintiff must prove its standing in order to be entitled to relief (*see Security Lending, Ltd. v New Realty Corp.*, 142 AD3d 986 [2016]; *Nationstar Mtge., LLC v Catizone*, 127 AD3d 1151, 1152 [2015]). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note" (*Dyer Trust 2012-1 v Global World Realty, Inc.*, 140 AD3d 827, 828 [2016]; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]).

Here, the Supreme Court correctly concluded that the plaintiff had standing to sue because the defendant conceded that the note was transferred to the plaintiff from the lender prior to the commencement of this action (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361-362). Further, contrary to the defendant's assertions, the mortgage passes with the debt as an inseparable incident thereto (*see id.*)

The defendant's remaining contentions are without merit. Rivera, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.