■ HSBC Bank USA, National Association, as Trustee for Deutsche Alt-A Securities Mortgage Loan Trust Series 2006-AR5, Respondent, v Marco H. Armijos, Appellant, et al., Defendants. [57 NYS3d 205]—

In an action to foreclose a mortgage, the defendant Marco H. Armijos appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Butler, J.), entered May 14, 2015, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him and dismissing his affirmative defenses and counterclaims, and for an order of reference.

Ordered that the order is affirmed insofar as appealed from, with costs.

To establish prima facie entitlement to judgment as a matter of law in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (*see Deutsche Bank Trust Co. Ams. v Garrison*, 147 AD3d 725, 726 [2017]; *Deutsche Bank Natl. Trust Co. v Abdan*, 131 AD3d 1001, 1002 [2015]; *Plaza Equities, LLC v Lamberti*, 118 AD3d 688, 689 [2014]). However, where, as here, the issue of standing is raised by a defendant, a plaintiff must also establish its standing as part of its prima facie case (*see Deutsche Bank Trust Co. Ams. v Garrison*, 147 AD3d at 726; *Security Lending, Ltd. v New Realty Corp.*, 142 AD3d 986, 987 [2016]; *LGF Holdings, LLC v Skydel*, 139 AD3d 814 [2016]). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder of, or the assignee of, the underlying note (*see*

*Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]; *Security Lending, Ltd. v New Realty Corp.*, 142 AD3d at 987; *LGF Holdings, LLC v Skydel*, 139 AD3d at 814; *Wells Fargo Bank, N.A. v Rooney*, 132 AD3d 980, 981 [2015]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]; *see Security Lending, Ltd. v New Realty Corp.*, 142 AD3d at 987; *LGF Holdings, LLC v Skydel*, 139 AD3d at 814).

Here, in support of its motion, inter alia, for summary judgment on the complaint, the plaintiff produced the mortgage, the unpaid note, and evidence of default. The plaintiff also established that it had standing to commence this action by submitting the affidavit of a vice president of the plaintiff's loan servicer, which established that the plaintiff had physical possession of the note at the time it commenced this action (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361-362; *Security Lending, Ltd. v New Realty Corp.*, 142 AD3d at 987).

In opposition, the appellant failed to raise a triable issue of fact. "[A] grant of summary judgment is not premature merely because discovery has not been completed" (*Lamore v Panapoulos*, 121 AD3d 863, 864 [2014]; *see Chemical Bank v PIC Motors Corp.*, 58 NY2d 1023, 1026 [1983]). Here, the appellant failed to establish what additional information he hoped to glean from the entire mortgage file in its original form that could not be gleaned from the original note and mortgage and the portions of the mortgage file that the plaintiff had provided (*see* CPLR 3212 [f]; *Reale v Tsoukas*, 146 AD3d 833, 835-836 [2017]; *Joon Mgt. One Corp. v Town of Ramapo*, 142 AD3d 587, 589 [2016]; *Vikram Constr., Inc. v Everest Natl. Ins. Co.*, 139 AD3d 720, 721 [2016]). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (*Cajas-Romero v Ward*, 106 AD3d 850, 852 [2013] [internal quotation marks omitted]; *see Chemical Bank v PIC Motors Corp.*, 58 NY2d at 1026; *Reale v Tsoukas*, 146 AD3d at 835-836; *Rungoo v Leary*, 110 AD3d 781, 783 [2013]; *Anzel v Pistorino*, 105 AD3d 784, 786 [2013]). Moreover, the appellant's bald assertion of forgery in his affidavit in opposition, in the absence of factual assertions to support such a claim, was inadequate to raise a triable issue of fact (*see Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d 381, 384 [2004]; *HSBC Bank, USA v Hagerman*, 130 AD3d 683, 684 [2015]; *Beitner v Becker*, 34 AD3d 406, 408 [2006]).

The appellant's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellant and dismissing his affirmative defenses and counterclaims, and for an order of reference. Mastro, J.P., Dillon, Roman and Brathwaite Nelson, JJ., concur.