■ DLJ MORTGAGE CAPITAL, INC., Respondent, v JOAN SOSA, Appellant, et al., Defendants. [60 NYS3d 278]—

In an action to foreclose a mortgage, the defendant Joan Sosa appeals, as limited by her brief, (1) from so much of an order of the Supreme Court, Orange County (Bartlett, J.), dated March 25, 2014, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint, for an order of reference, and to strike her answer, and (2) from so much of a judgment of foreclosure and sale of the same court entered August 14, 2014, as, upon the order, is in favor of the plaintiff and against her, inter alia, directing the sale of the subject premises.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment of foreclosure and sale is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501 [a] [1]; Matter of Aho, 39 NY2d at 248).

In August 2006, the defendant Joan Sosa (hereinafter the defendant) executed an adjustable rate note promising to repay Wall Street Mortgage Bankers, Ltd., doing business as Power Express (hereinafter the original lender), the principal sum of

$519,200. The loan was secured by a duly recorded mortgage on the defendant's residential property in Middletown. The note was later transferred to the plaintiff. The defendant defaulted on the loan by failing to make the monthly mortgage payment that became due on June 1, 2009, and each month thereafter. The plaintiff sent the defendant notice of the default, but she did not cure the default.

The plaintiff commenced this foreclosure action in December 2010. The defendant initially defaulted in responding to the complaint, but the parties thereafter entered into a stipulation, pursuant to which the defendant was permitted to file a late answer. Among the affirmative defenses raised in her answer, the defendant alleged that the plaintiff lacked standing to commence the action.

To establish prima facie entitlement to judgment as a matter of law in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (*see Deutsche Bank Trust Co. Ams. v Garrison*, 147 AD3d 725, 726 [2017]; *Deutsche Bank Natl. Trust Co. v Abdan*, 131 AD3d 1001, 1002 [2015]; *Plaza Equities, LLC v Lamberti*, 118 AD3d 688, 689 [2014]). However, where, as here, the issue of standing is raised by a defendant, a plaintiff must also establish its standing as part of its prima facie case (*see Deutsche Bank Trust Co. Ams. v Garrison*, 147 AD3d at 726; *Security Lending, Ltd. v New Realty Corp.*, 142 AD3d 986, 987 [2016]; *LGF Holdings, LLC v Skydel*, 139 AD3d 814, 814 [2016]; *MLCFC 2007-9 Mixed Astoria, LLC v 36-02 35th Ave. Dev., LLC*, 116 AD3d 745, 746 [2014]). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (*see Security Lending, Ltd. v New Realty Corp.*, 142 AD3d at 987; *LGF Holdings, LLC v Skydel*, 139 AD3d at 814; *Wells Fargo Bank, N.A. v Rooney*, 132 AD3d 980, 981 [2015]). Either a written assignment of the underlying note or the physical delivery of the note is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (*see Security Lending, Ltd. v New Realty Corp.*, 142 AD3d at 987; *LGF Holdings, LLC v Skydel*, 139 AD3d at 814; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]).

Here, the affidavit of Mark Syphus, a Consumer Ombudsman Specialist for Select Portfolio Servicing, Inc. (hereinafter SPS), the servicer of the subject loan, established, prima facie, that the plaintiff had standing to prosecute this action by virtue of its possession of the note at the time of commencement of

the action (see *Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 359-361 [2015]; *Deutsche Bank Natl. Trust Co. v Naughton*, 137 AD3d 1199, 1200 [2016]; *HSBC Bank USA, N.A. v Espinal*, 137 AD3d 1079, 1080 [2016]; *Bank of N.Y. Mellon v Visconti*, 136 AD3d 950, 950 [2016]; *Deutsche Bank Natl. Trust Co. v Abdan*, 131 AD3d at 1002). The plaintiff further established its prima facie entitlement to judgment as a matter of law by producing copies of the mortgage, the unpaid note, and the affidavit submitted from SPS attesting to the defendant's default in making her monthly mortgage payments (see *Deutsche Bank Trust Co. Ams. v Garrison*, 147 AD3d at 726; *Deutsche Bank Natl. Trust Co. v Abdan*, 131 AD3d at 1002; *Plaza Equities, LLC v Lamberti*, 118 AD3d at 689).

Since the plaintiff established its standing by physical delivery of the note, the Court need not address the validity of the subsequent assignment to it of the mortgage (see *Deutsche Bank Natl. Trust Co. v Naughton*, 137 AD3d at 1200; *Deutsche Bank Natl. Trust Co. v Whalen*, 107 AD3d 931, 932 [2013]).

In opposition to the plaintiff's prima facie showing, the defendant failed to raise a triable issue of fact (see *Deutsche Bank Natl. Trust Co. v Abdan*, 131 AD3d at 1002). Contrary to the defendant's contention, the SPS affidavit was properly considered by the Supreme Court, since the information therein was based on business records (see CPLR 4518 [a]; *Deutsche Bank Natl. Trust Co. v Naughton*, 137 AD3d at 1200). Furthermore, the use of the phrase "on or before" instead of "on" in the SPS affidavit to identify the date of delivery of the note to the plaintiff does not constitute a fatal defect (see *Wells Fargo Bank, N.A. v Joseph*, 137 AD3d 896, 897 [2016]).

The defendant's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint, for an order of reference, and to strike the answer. Chambers, J.P., Miller, Duffy and Connolly, JJ., concur.