Nationstar Mtge., LLC v Medley (2019 NY Slip Op 00449)





Nationstar Mtge., LLC v Medley


2019 NY Slip Op 00449


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2016-04367
 (Index No. 13613/14)

[*1]Nationstar Mortgage, LLC, respondent, 
v
Donald A. Medley, et al., appellants, et al., defendants.


Donald A. Medley and Sharon Y. Medley, South Ozone Park, NY, appellants pro se.
Akerman LLP, New York, NY (Jordan M. Smith of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Donald A. Medley and Sharon Y. Medley appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Raffaele, J.), entered February 5, 2016, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against them, to strike their answer, and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
To establish prima facie entitlement to judgment as a matter of law in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002; Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). However, where, as here, the issue of standing is raised by a defendant, a plaintiff must also establish its standing as part of its prima facie case (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 726; Security Lending, Ltd. v New Realty Corp., 142 AD3d 986, 987; LGF Holdings, LLC v Skydel, 139 AD3d 814; MLCFC 2007-9 Mixed Astoria, LLC v 36-02 35th Ave. Dev., LLC, 116 AD3d 745, 746).
A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder of, or the assignee of, the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Security Lending, Ltd. v New
Realty Corp., 142 AD3d at 987; LGF Holdings, LLC v Skydel, 139 AD3d at 814; Wells Fargo Bank, N.A. v Rooney, 132 AD3d 980, 981). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see Security Lending, Ltd. v New Realty Corp., 142 AD3d at 987; LGF Holdings, LLC v Skydel, 139 AD3d at 814).
Here, the plaintiff demonstrated, prima facie, its standing as the holder of the note by submitting the affidavit of one of its employees, a document execution specialist. The affidavit established, prima facie, that the plaintiff had standing to prosecute this action by virtue of its possession of the note, endorsed in blank, at the time of commencement of the action (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 359-361; DLJ Mtge. Capital, Inc. v Sosa, 153 AD3d 666; Deutsche Bank Natl. Trust Co. v Naughton, 137 AD3d 1199, 1200; HSBC Bank USA, N.A. v Espinal, 137 AD3d 1079, 1080; Bank of N.Y. Mellon v Visconti, 136 AD3d 950; Deutsche Bank [*2]Natl. Trust Co. v Abdan, 131 AD3d 1002). The same affidavit, which attested to the default of the defendants Donald A. Medley and Sharon Y. Medley (hereinafter together the Medley defendants) in making their monthly mortgage payments, together with the copies of the mortgage and the unpaid note, further established the plaintiff's prima facie entitlement to judgment as a matter of law (see DLJ Mtge. Capital, Inc. v Sosa, 153 AD3d at 668; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 726; Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d at 1002).
In opposition, the Medley defendants failed to raise a triable issue of fact. Contrary to the Medley defendants' contention, the affidavit of the plaintiff's employee did not constitute hearsay, as the affidavit established that the records she relied upon were admissible as business records (see CPLR 4518[a]; People v Cratsley, 86 NY2d 81, 90; Corsi v Town of Bedford, 58 AD3d 225, 231-232).
As to the Medley defendants' arguments regarding the validity of the assignment of mortgage, where, as here, the evidence establishes that the plaintiff had physical possession of the note at the time of the commencement of the action, the validity of the assignment of the mortgage is irrelevant to the issue of standing (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362; Silvergate Bank v Calkula Props., Inc., 150 AD3d 1295, 1296; New York Community Bank v McClendon, 138 AD3d 805, 807; Wells Fargo Bank, N.A. v Charlaff, 134 AD3d 1099, 1100).
A plaintiff has "the right to enforce the note as its lawful holder so long as it can prove that it physically possessed the note at the time the action was commenced" (Wells Fargo Bank, NA v Ostiguy, 127 AD3d 1375, 1377; see UCC 3-301). Accordingly, notwithstanding that it was the servicer, not the owner, of the loan, the plaintiff had the right to enforce the mortgage (see e.g. Loan Servs., LLC v Taylor, 25 NY3d at 355).
AUSTIN, J.P., ROMAN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court