Wells Fargo Bank, N.A. v Gonzalez (2019 NY Slip Op 05434)





Wells Fargo Bank, N.A. v Gonzalez


2019 NY Slip Op 05434


Decided on July 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-04516
 (Index No. 4051/14)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Israel Gonzalez, et al., appellants, et al., defendants.


R. David Marquez, Mineola, NY, for appellants.
Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, Bay Shore, NY (Christopher P. Kohn of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Israel Gonzalez and Edith Y. Gonzalez appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated February 2, 2016. The order granted the plaintiff's motion, inter alia, for summary judgment on the complaint, to strike those defendants' answer, and to appoint a referee to compute the amount due to the plaintiff.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage given by the defendants Israel Gonzalez and Edith Y. Gonzalez (hereinafter together the defendants) to secure a note. In their answer, the defendants asserted the affirmative defenses of, inter alia, lack of standing and failure to comply with RPAPL 1304. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint, to strike the defendants' answer, and to appoint a referee to compute the amount due to the plaintiff. The defendants opposed the motion. By order dated February 2, 2016, the Supreme Court granted the plaintiff's motion, and the defendants appeal.
To establish prima facie entitlement to judgment as a matter of law in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (see Nationstar Mtge., LLC v Medley, 168 AD3d 959, 960; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002; Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). Where, as here, the issue of standing is raised by a defendant, a plaintiff must also establish its standing as part of its prima facie case for summary jugment (see Federal Natl. Mtge. Assn. v Marlin, 168 AD3d 679, 680-681; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 726; Security Lending, Ltd. v New Realty Corp., 142 AD3d 986, 987; LGF Holdings, LLC v Skydel, 139 AD3d 814; MLCFC 2007-9 Mixed Astoria, LLC v 36-02 35th Ave. Dev., LLC, 116 AD3d 745, 746). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder of, or the assignee of, the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Security Lending, Ltd. v New Realty Corp., 142 AD3d at 987; LGF Holdings, LLC v Skydel, 139 AD3d at 814; Wells Fargo Bank, N.A. v Rooney, 132 AD3d 980, 981). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the [*2]foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see Security Lending, Ltd. v New Realty Corp., 142 AD3d at 987; LGF Holdings, LLC v Skydel, 139 AD3d at 814).
Here, the plaintiff established, prima facie, its standing by submitting an affidavit of an employee of counsel for the plaintiff, who stated that the plaintiff's counsel had been in possession of the original note endorsed in blank since September 9, 2011, a date which was prior to the commencement of the action (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197; Bank of Am., N.A. v Tobing, 163 AD3d 518; U.S. Bank, Natl. Assn. v Cardenas, 160 AD3d 784, 785; PennyMac Corp. v Chavez, 144 AD3d 1006; M & T Bank v Cliffside Prop. Mgt., LLC, 137 AD3d 876). Moreover, the employee attached to her affidavit a copy of the original note, and averred that plaintiff's counsel still had custody of the original note and that she had compared the copy to the original and the copy was true and accurate.
In opposition, the defendants failed to raise a triable issue of fact (see Bank of Am., N.A. v Tobing, 163 AD3d at 520; U.S. Bank, Natl. Assn. v Cardenas, 160 AD3d at 785; M & T Bank v Cliffside Prop. Mgt., LLC, 137 AD3d at 877). The defendants contend that the plaintiff's submissions failed to show "a complete chain of title leading from the loan originator." However, "[t]here is simply no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it" (JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645; see UCC 3-204[2]; PennyMac Corp. v Chavez, 144 AD3d at 1007). Contrary to the defendants' further contention, "it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date" (JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 645; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362; PennyMac Corp. v Chavez, 144 AD3d at 1007).
In addition, the plaintiff established its prima facie entitlement to judgment as a matter of law by submitting the note, the mortgage, and evidence of the defendants' default in making their monthly mortgage payments. Contrary to the defendants' contention, an affidavit of an officer of the servicer of the subject loan, submitted by the plaintiff in support of its motion, did not constitute hearsay, as the affidavit established that the records upon which the officer relied were admissible as business records and submitted in evidence (see CPLR 4518[a]; People v Cratsley, 86 NY2d 81; Nationstar Mtge., LLC v Medley, 168 AD3d at 961; Lodato v Greyhawk N. Am., LLC, 39 AD3d 494; Plymouth Rock Fuel Corp. v Leucadia, Inc., 117 AD2d 727).
Contrary to the defendants' contention, "[a] grant of summary judgment is not premature merely because discovery has not been completed" (HSBC Bank USA, N.A. v Armijos, 151 AD3d 943, 944 [internal quotation marks omitted]; see Chemical Bank v PIC Motors Corp., 58 NY2d 1023, 1026). "A party who seeks a finding that a summary judgment motion is premature is required to put forth some evidentiary basis to suggest that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Reale v Tsoukas, 146 AD3d 833, 835 [internal quotation marks omitted]). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (HSBC Bank USA, N.A. v Armijos, 151 AD3d at 944 [internal quotation marks omitted]; see Reale v Tsoukas, 146 AD3d at 835-836). Here, the defendants failed to satisfy their burden (see HSBC Bank USA, N.A. v Armijos, 151 AD3d at 944; Seidman v Industrial Recycling Props., Inc., 106 AD3d 983; Seaway Capital Corp. v 500 Sterling Realty Corp., 94 AD3d 856).
The defendants' contention that the plaintiff's submissions in support of its motion were insufficient to demonstrate that it complied with the notice requirements of RPAPL 1304 is improperly raised for the first time on appeal (see Bank of Am., N.A. v Tobin, 168 AD3d 661, 664; Wells Fargo Bank, N.A. v Leonardo, 167 AD3d 811, 814; Bank of Am., N.A. v Cudjoe, 157 AD3d 653; Hudson City Sav. Bank v Bomba, 149 AD3d 704; PHH Mtge. Corp. v Celestin, 130 AD3d 703).
Accordingly, we agree with the Supreme Court's grant of the plaintiff's motion.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court