Lewis v Bartow (2019 NY Slip Op 05522)





Lewis v Bartow


2019 NY Slip Op 05522


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2016-08009
 (Index No. 66205/15)

[*1]Jake Lewis, appellant, 
v
Hal Bartow, et al., defendants; Caliber Home Loans, Inc., etc., nonparty-respondent.


Jake Lewis, Mount Vernon, NY, appellant pro se.
Day Pitney LLP, New York, NY (Joseph S. Jacobs and Alfred W. J. Marks of counsel), for nonparty-respondent.



DECISION & ORDER
In an action, inter alia, pursuant to Real Property Law § 329 to cancel of record two assignments of mortgage, the plaintiff appeals from an order of the Supreme Court, Westchester County (Orazio R. Bellantoni, J.), dated June 29, 2016. The order, insofar as appealed from, granted the motion of nonparty Caliber Home Loans, Inc., formerly known as Vericrest Financial, Inc., as successor in interest to the defendant CIT Group/Consumer Finance, Inc., for summary judgment dismissing the complaint insofar as asserted against the defendant CIT Group/Consumer Finance, Inc., and denied that branch of the plaintiff's motion which was pursuant to CPLR 3215 for leave to enter a default judgment against the defendant CIT Group/Consumer Finance, Inc.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the motion of Caliber Home Loans, Inc., formerly known as Vericrest Financial, Inc., as successor in interest to the defendant CIT Group/Consumer Finance, Inc., for summary judgment dismissing the complaint insofar as asserted against the defendant CIT Group/Consumer Finance, Inc., and substituting therefor a provision denying that motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
The plaintiff, the record owner of certain real property, commenced this action, inter alia, pursuant to Real Property Law § 329 to cancel of record two assignments of mortgage that were recorded against the property, alleging that the person who executed the two assignments of mortgage lacked the authority to do so.
The Supreme Court should have denied the motion of nonparty Caliber Home Loans, Inc., formerly known as Vericrest Financial, Inc., as successor in interest to the defendant CIT Group/Consumer Finance, Inc. (hereinafter Caliber), for summary judgment dismissing the complaint insofar as asserted against its predecessor in interest. Contrary to Caliber's contention, the plaintiff, as the owner of the subject property, has standing under Real Property Law § 329 to challenge the recorded assignments and seek to have them removed as a cloud on his title (see Silverberg v Bank of N.Y. Mellon, 165 AD3d 1193, 1195). Further, contrary to Caliber's contention, the issue of whether Caliber has standing to foreclose the subject mortgage as the holder of the subject note is not relevant to this action, which only challenges the validity of the recorded written [*2]assignments of mortgage (cf. Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). Since Caliber failed to demonstrate its prima facie entitlement to judgment as a matter of law on the issue of whether the written assignments of mortgage were valid, the court should have denied Caliber's motion, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's remaining contentions are without merit.
RIVERA, J.P., COHEN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court