U.S. Bank N.A. v Seeley (2019 NY Slip Op 08441)





U.S. Bank N.A. v Seeley


2019 NY Slip Op 08441


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-11430
 (Index No. 34805/13)

[*1]U.S. Bank National Association, etc., appellant,
v
Fintan Seeley, etc., respondent, et al., defendants.


Hogan Lovells US LLP, New York, NY (Chava Brandriss, David Dunn, and Francine R. Strauss of counsel), for appellant.
Dwight D. Joyce, Stony Point, NY (Stephen J. Cole-Hatchard of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (Gerald E. Loehr, J.), dated September 23, 2016. The order, insofar as appealed from, (1) denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Fintan Seeley and dismissing that defendant's affirmative defenses and counterclaims, and for an order of reference, (2) upon searching the record, awarded summary judgment to all the defendants dismissing the complaint, and (3) denied, as academic, the cross motion of the defendant Fintan Seeley "for a finding that [the] Plaintiff failed to negotiate in good faith pursuant to CPLR 3408(f)" and to direct the plaintiff to review that defendant's most recent loan modification application.
ORDERED that the appeal from so much of the order as denied, as academic, the cross motion of the defendant Fintan Seeley is dismissed, as the plaintiff is not aggrieved by that portion of the order (see CPLR 5511); and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Fintan Seeley and dismissing that defendant's affirmative defenses and counterclaims, and for an order of reference are granted; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action against, among others, the defendant Fintan Seeley (hereinafter the defendant) to foreclose a mortgage. A copy of the note, which had been indorsed in blank without recourse, was annexed to the complaint. Subsequently, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and dismissing the defendant's affirmative defenses and counterclaims, and for an order of reference. In support of its motion, the plaintiff submitted, among other things, an affidavit of its vice president, who stated that based upon his review of the relevant business records, which were maintained in the ordinary course of business, the plaintiff was in physical possession of the note at the time it commenced the action. The defendant opposed the motion and cross-moved "for a finding that [the] Plaintiff failed to negotiate in good faith pursuant to CPLR 3408(f)" and to direct the plaintiff to [*2]review his most recent loan modification application.
In an order dated September 23, 2016, the Supreme Court, among other things, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and dismissing the defendant's affirmative defenses and counterclaims, and for an order of reference and, upon searching the record, awarded summary judgment to all the defendants dismissing the complaint for lack of standing. The court denied, as academic, the defendant's cross motion. The plaintiff appeals.
To establish a prima facie case in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (see JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 644; HSBC Bank USA, N.A. v Spitzer, 131 AD3d 1206, 1206-1207). Additionally, where, as here, the plaintiff's standing is placed in issue by a defendant, the plaintiff must prove its standing as part of its prima facie showing (see HSBC Bank USA, N.A. v Armijos, 151 AD3d 943, 943; Flagstar Bank, FSB v Mendoza, 139 AD3d 898; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or the assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Security Lending, Ltd. v New Realty Corp., 142 AD3d 986, 987; LGF Holdings, LLC v Skydel, 139 AD3d 814, 814; Wells Fargo Bank, N.A. v Rooney, 132 AD3d 980, 981). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362).
Here, the plaintiff established, prima facie, that it had standing to commence this action by demonstrating that it was in physical possession of the note, which was annexed to the complaint, at the time the action was commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362; Deutsche Bank Natl. Trust Co. v Leigh, 137 AD3d 841, 842; Emigrant Bank v Larizza, 129 AD3d 904, 905). The defendant contends that the vice president's affidavit was insufficient to establish the plaintiff's standing because it failed to give factual details as to the physical delivery of the note. However, since standing was established by the annexation of the note to the complaint, the sufficiency of the affidavit is irrelevant.
"An indorsement in blank specifies no particular indorsee and may consist of a mere signature. An instrument payable to order and indorsed in blank becomes payable to bearer and may be negotiated by delivery alone until specially indorsed" (UCC 3-204[2]). " Bearer' means . . . a person in possession of a negotiable instrument" (UCC 1-201[b][5]). There is no requirement that an entity in possession of a negotiable instrument that has been indorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it (see UCC 3-204[2]). Moreover, it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362).
In opposition, the defendant failed to raise a triable issue of fact. Accordingly, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and dismissing the defendant's affirmative defenses and counterclaims, and for an order of reference should have been granted.
MASTRO, J.P., ROMAN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court