M&T Bank v Barter (2020 NY Slip Op 04548)





M&T Bank v Barter


2020 NY Slip Op 04548


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-10489
2019-07571
 (Index No. 3375/13)

[*1]M & T Bank, respondent, 
v
Michelle Barter, etc., et al., defendants, Scott Barter, etc., appellant.


Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Lake Success, NY (Christopher A. Gorman of counsel), for appellant.
Frenkel Lambert Weiss Weisman & Gordon, LLP, Bay Shore, NY (Ruth O'Connor of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Scott Barter appeals from (1) an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated July 25, 2018, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered February 27, 2019. The order dated July 25, 2018, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer, and for an order of reference. The order and judgment of foreclosure and sale granted the plaintiff's motion to confirm the referee's report and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Scott Barter, to strike that defendant's answer, and for an order of reference are denied, the order is modified accordingly, and the answer of that defendant is reinstated; and it is further,
ORDERED that one bill of costs is awarded to the defendant Scott Barter.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
In February 2000, the defendant Scott Barter (hereinafter the defendant) and the defendant Michelle Barter executed a note in the sum of $200,000 in favor of M & T Mortgage Corporation, which was secured by a mortgage on certain real property located in East Hampton. [*2]In January 2013, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The defendant interposed an answer asserting, among other things, affirmative defenses that the plaintiff lacked standing and failed to provide him with the appropriate notices and disclosures required by law.
In March 2018, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. In an order dated July 25, 2018, the Supreme Court, among other things, granted those branches of the plaintiff's motion. In an order and judgment of foreclosure and sale entered February 27, 2019, the court granted the plaintiff's motion to confirm the referee's report and directed the sale of the subject property. The defendant appeals.
To establish prima facie entitlement to judgment as a matter of law in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002; Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). However, where, as here, the issue of standing is raised by a defendant, a plaintiff must also establish its standing as part of its prima facie case (see Nationstar Mtge., LLC v Medley, 168 AD3d 959, 960; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 726; Security Lending, Ltd. v New Realty Corp., 142 AD3d 986, 987).
A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder of, or the assignee of, the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Nationstar Mtge., LLC v Medley, 168 AD3d at 960). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754; see Deutsche Bank Natl. Trust Co. v Adlerstein, 171 AD3d 868, 870; Nationstar Mtge., LLC v Rodriguez, 166 AD3d 990, 992).
Here, the plaintiff demonstrated, prima facie, its standing as the holder of the note by submitting the affidavit of Dawn M. Bechtold, a Banking Officer of the plaintiff. The affidavit established, prima facie, that the plaintiff had standing to prosecute this action by virtue of its possession of the note at the time of commencement of the action (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 359-361; DLJ Mtge. Capital, Inc. v Sosa, 153 AD3d 666; Deutsche Bank Natl. Trust Co. v Naughton, 137 AD3d 1199, 1200). In the same affidavit, Bechtold attested to the defendant's default in making his monthly mortgage payments. The plaintiff further established its prima facie entitlement to judgment as a matter of law by producing copies of the mortgage, the unpaid note, and the affidavit submitted from Bechtold attesting to the defendant's default in making his monthly mortgage payments (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 726; Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d at 1002; Plaza Equities, LLC v Lamberti, 118 AD3d at 689). Contrary to the defendant's contention, in opposition, he failed to raise a triable issue of fact as to his default in payment and whether the plaintiff had standing. It is unnecessary to give factual details of the delivery of a note in order to establish that possession was obtained prior to a particular date (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362; U.S. Bank N.A. v Seeley, 177 AD3d 933).
Nevertheless, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference, as the evidence submitted by the plaintiff failed to establish, prima facie, that the plaintiff strictly complied with RPAPL 1304. RPAPL 1304 provides that at least 90 days before a lender, an assignee, or a mortgage loan servicer commences an action to foreclose the mortgage on a home loan as defined in the statute, such lender, assignee, or mortgage loan servicer must give notice to the borrower. The statute provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see RPAPL 1304[2]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent [*3]to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see Citimortgage, Inc. v Banks, 155 AD3d 936, 936-937), "and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). Here, although the plaintiff provided a photocopy of a "US Postal Service Receipt for Certified Mail" with a 20-digit number along with the purported 90-day notice, the receipt is undated and does not demonstrate that the notice was actually sent by certified mail more than 90 days prior to commencement of the action. The plaintiff also failed to submit sufficient evidence to demonstrate that the notice was sent by first-class mail.
DILLON, J.P., LASALLE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court