U.S. Bank N.A. v Zenteno Corp. (2025 NY Slip Op 05120)

U.S. Bank N.A. v Zenteno Corp.

2025 NY Slip Op 05120

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-01461
 (Index No. 714725/21)

[*1]U.S. Bank National Association, etc., respondent,
v
Zenteno Corp., et al., appellants, et al., defendants. 

Daniel A. Groth, Hauppauge, NY, for appellants.
McMichael Taylor Gray, LLC, Halfmoon, NY (Dana M. Carrera of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Zenteno Corp. and Victorina Dominguez appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered January 17, 2024. The order and judgment of foreclosure and sale, upon an order of the same court entered March 10, 2023, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Zenteno Corp. and Victorina Dominguez and, in effect, dismissing those defendants' affirmative defenses alleging lack of standing and for an order of reference, granted the plaintiff's unopposed motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In June 2021, the plaintiff commenced this action against Zenteno Corp. and Victorina Dominguez (hereinafter together the defendants), among others, to foreclose a consolidated mortgage encumbering real property located in Jackson Heights. The defendants interposed separate answers, each asserting, among others, the affirmative defense of lack of standing. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and, in effect, dismissing the defendants' affirmative defenses alleging lack of standing and for an order of reference. The defendants opposed the motion, contending, among other things, that the plaintiff had failed to establish its standing. In an order entered March 10, 2023, the Supreme Court, inter alia, granted those branches of the plaintiff's motion. Thereafter, the plaintiff moved for a judgment of foreclosure and sale and to confirm the referee's report. In an order and judgment of foreclosure and sale entered January 17, 2024, the court granted the unopposed motion, confirmed the referee's report, and directed the sale of the subject property. The defendants appeal.
A plaintiff establishes its standing to maintain a mortgage foreclosure action by demonstrating that it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). The plaintiff meets this burden by submitting proof of either a written assignment of the underlying note or the physical delivery of the note endorsed in blank or specially to it prior to the commencement of the foreclosure [*2]action (see UCC 1-201[b][21][A]; 3-202[1]; 3-204; Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361). Here, in support of its motion, among other things, for summary judgment, the plaintiff established, prima facie, that it had standing to commence this action by submitting a copy of a written assignment of the consolidated note and mortgage dated April 6, 2021, which was prior to the commencement of this action (see Wells Fargo Bank N.A. v Johnson, 172 AD3d 1278, 1280). In opposition, the defendants failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and, in effect, dismissing the defendants' affirmative defenses alleging lack of standing and for an order of reference.
DILLON, J.P., BRATHWAITE NELSON, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court