Wilmington Sav. Fund, FSB v Peters (2020 NY Slip Op 07248)





Wilmington Sav. Fund, FSB v Peters


2020 NY Slip Op 07248


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-07830
2018-07831
2019-13866
 (Index No. 2837/16)

[*1]Wilmington Savings Fund, FSB, etc., respondent,
v
Bernard Peters, et al., appellants.


Rubin & Licatesi, P.C., Garden City, NY (Richard H. Rubin and Jeanine A. Oberster of counsel), for appellants.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Evelyn P. Flores of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Bernard Peters and Arleen Peters appeal from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered April 4, 2018, (2) an order of the same court also entered April 4, 2018, and (3) a judgment of foreclosure and sale of the same court entered September 11, 2019. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Bernard Peters and Arleen Peters, to strike those defendants' answer, and for an order of reference. The second order, insofar as appealed from, granted the same relief as the first order and appointed a referee to compute the amount due to the plaintiff. The judgment of foreclosure and sale, upon the orders, inter alia, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeals from the orders entered April 4, 2018, are dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Bernard Peters and Arleen Peters, to strike those defendants' answer, and for an order of reference are denied, and the orders entered April 4, 2018, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendants Bernard Peters and Arleen Peters.
The appeals from the orders entered April 4, 2018, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
On August 17, 2005, the defendant Arleen Peters executed a note in the sum of $359,650 in favor of Interstate Home Loan Center, Inc. (hereinafter Interstate). The note was secured by a mortgage on residential property in Levittown, which was executed on the same date by Arleen Peters and the defendant Bernard Peters (hereinafter together the defendants). Bank of America, N.A., an alleged successor in interest to Interstate, and Arleen Peters subsequently entered into a loan modification agreement dated May 2, 2013. The modification agreement amended and supplemented the original note and mortgage by, inter alia, modifying the payment schedule and the interest rate, and increasing the principal balance of the note to $401,124.48.
In April 2016, Ditech Financial, LLC (hereinafter Ditech), commenced this action to foreclose the mortgage. A copy of the note, with an allonge endorsing the note in blank, was attached as an exhibit to the complaint at the time the action was commenced. The defendants interposed an answer in which they asserted several affirmative defenses, including lack of standing.
On June 24, 2016, the note was transferred to Wilmington Savings Fund, FSB (hereinafter Wilmington). Thereafter, Wilmington moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. In an order entered April 4, 2018, the Supreme Court granted Wilmington's motion. In a second order also entered April 4, 2018, the court granted the same relief and appointed a referee to compute the amount due to the plaintiff. Thereafter, in a judgment of foreclosure and sale entered September 11, 2019, upon the orders, the court, among other things, confirmed the referee's report and directed the sale of the property. The defendants appeal.
"In moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d 780, 782). "On its motion for summary judgment, a plaintiff has the burden of establishing, by proof in admissible form, its prima facie entitlement to judgment as a matter of law" (US Bank N.A. v Hunte, 176 AD3d 894, 896 [internal quotation marks omitted]). "A default is established by (1) an admission made in response to a notice to admit, (2) an affidavit from a person having personal knowledge of the facts, or (3) other evidence in admissible form" (Deutsche Bank Natl. Trust Co. v McGann, 183 AD3d 700, 702).
Here, Wilmington failed to establish, prima facie, its entitlement to judgment as a matter of law, as it failed to submit evidence demonstrating the defendants' default in payment (see Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d at 782). In support of the motion, Wilmington submitted, inter alia, copies of the note and the mortgage, and the affidavit of Angela Farmer, a vice president of Rushmore Loan Management Services, LLC (hereinafter Rushmore), the servicer of the loan. Based on her review of business records in the possession of Rushmore, including records created by Ditech, Farmer averred that the defendants defaulted in payment in June 2013. While Farmer established that she was familiar with Ditech's recordkeeping practices and procedures, no payment records were proffered with the motion. The only business records annexed and incorporated in the affidavit with regard to the default were two notices of default both dated October 24, 2013 (see Deutsche Bank Natl. Trust Co. v McGann, 183 AD3d at 702; JPMorgan Chase Bank, N.A. v Akanda, 177 AD3d 718, 719-720). "'[W]hile a witness may read into the record from the contents of a document which has been admitted into evidence, a witness's description of a document not admitted into evidence is hearsay'" (JPMorgan Chase Bank, N.A. v Akanda, 177 AD3d at 719-720, quoting U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 774). "[I]t is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205). Accordingly, the Supreme Court should have denied those branches of Wilmington's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference.
Contrary to the defendants' contention, Ditech had standing to commence the action (see U.S. Bank N.A. v Auguste, 173 AD3d 930, 933).
In light of our determination, we need not reach the defendants' remaining contention.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court