U.S. Bank N.A. v Fabbro (2021 NY Slip Op 02010)





U.S. Bank N.A. v Fabbro


2021 NY Slip Op 02010


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-11153 
2018-11154
2019-04132
 (Index No. 514563/16)

[*1]U.S. Bank National Association, etc., respondent,
v
Maria Fabbro, appellant, et al., defendants.


Robert M. Fox, New York, NY (Susan Adler of counsel), for appellant.
Goodwin Proctor, LLC, New York, NY (Christian Fletcher of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Maria Fabbro appeals from (1) two orders of the Supreme Court, Kings County (Noach Dear, J.), both dated June 18, 2018, and (2) an order of the same court dated January 31, 2019. The first order dated June 18, 2018, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Maria Fabbro, to strike her answer, and for an order of reference, and denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against her for lack of standing. The second order dated June 18, 2018, insofar as appealed from, granted and denied the same relief and appointed a referee to compute the amount due to the plaintiff. The order dated January 31, 2019, denied that defendant's motion for leave to renew and reargue her opposition to the plaintiff's prior motion, inter alia, for summary judgment on the complaint insofar as asserted against her, and her prior cross motion for summary judgment dismissing the complaint insofar as asserted against her, which were determined in the orders dated June 18, 2018.
ORDERED that the orders dated June 18, 2018, are affirmed insofar as appealed from; and it is further,
ORDERED that the appeal from so much of the order dated January 31, 2019, as denied that branch of the motion of the defendant Maria Fabbro which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated January 31, 2019, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
"'Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default'" (Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684, quoting [*2]Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). Additionally, where a defendant places standing in issue, the plaintiff must prove its standing in order to be entitled to relief (see Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 628, affd 25 NY3d 355; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 242). A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362).
Here, the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law by submitting copies of the mortgage, the note, and evidence of the default of the defendant Maria Fabbro (see U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011). Additionally, the plaintiff established its standing to commence the action by demonstrating that it had physical possession of the note prior to the commencement of the action, as evidenced by its attachment of a certified copy of the original note, endorsed in blank, to the summons and complaint (see U.S. Bank Trust, N.A. v Porter, 175 AD3d 530, 532). In opposition, Fabbro failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Fabbro, to strike her answer, and for an order of reference, and denied Fabbro's cross motion for summary judgment dismissing the complaint insofar as asserted against her for lack of standing.
Furthermore, the Supreme Court providently exercised its discretion in denying that branch of Fabbro's motion which was for leave to renew. A motion for leave to renew must be based upon new facts not offered on the prior motion which would change the prior determination, and must contain a reasonable justification for the failure to present such facts on the prior motion (see CPLR 2221[e][2]; Bukhtiyarova v Cohen, 172 AD3d 1153, 1155-1156; Phoenix Grantor Trust v Exclusive Hospitality, LLC, 172 AD3d 927). "A motion for leave to renew is not a second chance freely given to a party who has not exercised due diligence in making its first factual presentation" (Krobath v South Nassau Communities Hosp., 178 AD3d 810, 811). Here, the new facts submitted in support of renewal, relating to the plaintiff's alleged failure to negotiate in good faith during mandatory foreclosure settlement conferences wherein Fabbro appeared by counsel (see generally U.S. Bank N.A. v Sarmiento, 121 AD3d 187), were available to Fabbro at the time of the original motion, and Fabbro did not set forth a reasonable justification for failing to submit those facts on the prior motion. Moreover, Fabbro failed to establish that the new facts would have changed the prior determination (see e.g. Ciliotta v Ranieri, 149 AD3d 1032, 1034).
CHAMBERS, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court