JPMorgan Chase Bank, Natl. Assn. v Newton (2022 NY Slip Op 01777)





JPMorgan Chase Bank, Natl. Assn. v Newton


2022 NY Slip Op 01777


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-13595 
2019-13596
2019-13597
 (Index No. 7120/17)

[*1]JPMorgan Chase Bank, National Association, respondent,
v
Gary Newton, etc., et al., appellants.


Gary G. Newton, sued herein as Gary Newton, also known as Gary G. Newton, Chester, NY, and Sharon Gary-Newton, sued herein as Sharon Newton, also known as Sharon Gary Newton, Chester, NY, appellants pro se.
McCalla Raymer Leibert Pierce, LLC, New York, NY (David Gantz of counsel), for respondent.
In an action to foreclose a mortgage, the defendants appeal from (1) two orders of the Supreme Court, Orange County (Robert H. Freehill, J.), both dated November 26, 2019, and (2) an order and judgment of foreclosure and sale (one paper) of the same court, also dated November 26, 2019. The first order denied the defendants' cross motion to vacate the note of issue and for the entry of default orders on certain prior motions. The second order granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. The order and judgment of foreclosure and sale, upon the orders dated November 26, 2019, and upon (1) an order of the same court dated May 1, 2018, denying that branch of the defendants' motion which was for leave to serve and file a third amended answer, (2) two orders of the same court dated February 28, 2019, inter alia, denying the defendants' separate motions, among other things, to preclude the copies of the note and mortgage as inadmissible and for leave to serve and file an amended answer, respectively, and granting those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer and affirmative defenses, and for an order of reference, and (3) an order of the same court dated July 15, 2019, denying those defendants' motions, among other things, for summary judgment on their purported counterclaims, pursuant to CPLR 5015(a) to vacate the order dated May 1, 2018, to compel disclosure, and for the entry of default orders on certain prior motions, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.



DECISION & ORDER
By order to show cause dated January 30, 2020, the parties to the appeals were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeals from the orders dated November 26, 2019, on the ground that the right of direct appeal from the orders terminated upon entry in the action of the order and judgment of foreclosure and sale. Motion by the appellants, inter alia, to review the orders on the appeal from the order and judgment of foreclosure and sale. By decision and order on motion of this Court dated May 22, 2020, the motion to dismiss the appeals form the orders dated November 26, 2019, and that [*2]branch of the appellants' motion which is to review the orders on the appeal from the order and judgment of foreclosure and sale were held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the order to show cause and no papers having been filed in response thereto, and upon the papers filed in support of the appellants' motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the motion to dismiss the appeals from the orders dated November 26, 2019, is granted; and it is further,
ORDERED that the appeals from the orders dated November 26, 2019, are dismissed; and it is further,
ORDERED that that branch of the appellants' motion which is to review the orders dated November 26, 2019, on the appeal from the order and judgment of foreclosure and sale is denied as unnecessary (see CPLR 5501[a][1]); and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer and affirmative defenses, and for an order of reference are denied, and the orders dated February 28, 2019, and the second order dated November 26, 2019, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the appellants.
The appeals from the orders dated November 26, 2019, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The plaintiff commenced this action to foreclose a mortgage on certain property in Chester. The defendants Gary Newton and Sharon Newton (hereinafter together the defendants) filed a pro se answer, which they amended, and thereafter submitted an amended form answer completed with the assistance of counsel. Less than three months later, the defendants moved, inter alia, for leave to serve a third amended answer. The proposed amended answer contained numerous affirmative defenses and counterclaims challenging the plaintiff's standing to foreclose, and alleging various frauds, forgeries, and bad faith on the part of the plaintiff. In an order dated May 1, 2018, the Supreme Court denied the defendants' motion, determining that the allegations failed to establish meritorious defenses or counterclaims, and that the continued filing of amended answers was an unnecessary delay to the action.
The defendants thereafter moved, among other things, to preclude the copies of the note and mortgage as inadmissible. After the plaintiff provided the defendants with their full payment history, the defendants again moved for leave to amend their answer to assert additional defenses and counterclaims based upon the payment history. The plaintiff cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer with affirmative defenses, and for an order of reference. The defendants thereafter filed numerous motions seeking, among other things, to vacate the May 1, 2018 order, to compel disclosure, and for the entry of default orders on certain motions. The Supreme Court held those motions in abeyance pending resolution of the prior motions and cross motion. In two orders dated February 28, 2019, the court denied the defendants' separate motions to preclude and for leave to amend their answer, respectively, and granted the plaintiff's cross motion, inter alia, for summary judgment and an order of reference. The court also amended the caption to remove the other named defendant. In an order dated July 15, 2019, the court, among other things, denied the defendants' remaining motions.
Meanwhile, in June 2019, the plaintiff had moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendants cross-moved, among other things, to vacate the note of issue. In two orders, both dated November 26, 2019, the Supreme Court denied the defendants' cross motion, and granted the plaintiff's motion. An order and judgment of foreclosure and sale was issued on the same date. The defendants appeal.
"A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced" (U.S. Bank N.A. v Fabbro, 192 AD3d 1178, 1179; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362).
Here, the Supreme Court determined that the allegations challenging the plaintiff's standing were controverted by the attachment of an endorsed copy of the note to the complaint and by the affidavit of note possession submitted by the plaintiff in opposition to the motion. While the defendants asserted a lack of standing defense in their previous answer (cf. HSBC Bank USA, NA v Halls, 136 AD3d 752, 753; Onewest, F.S.B. v Goddard, 131 AD3d 1028, 1029), the plaintiff did attach a copy of the note, endorsed in blank, to the complaint (see JPMorgan Chase Bank, N.A. v Fischer, 194 AD3d 1031, 1032).
The defendants alleged as a defense in their first proposed amended answer that the signature on the endorsement of the note was a forgery. However, the Supreme Court properly denied the defendant's motion for leave to serve an amended answer to assert this defense (see CPLR 3025[b]; Ulster Sav. Bank v Fiore, 165 AD3d 734, 735-736; Martin v City of New York, 153 AD3d 693, 694). The signature of a bank officer from Washington Mutual Bank, F.A. (hereinafter WaMu), the plaintiff's predecessor in interest, on the endorsement is subject to a presumption of regularity (see UCC 3-307[1][b]; CitiMortgage, Inc. v McKinney, 144 AD3d 1073, 1074-1075). The defendants' conclusory assertion that the signature on the endorsement was a forgery is palpably insufficient to support this allegation (see Hofstra Univ. v Nassau County, N.Y., 166 AD3d 861, 863; 82-90 Broadway Realty Corp. v New York Supermarket, Inc., 154 AD3d 797, 799-800). In any event, the signatures on the endorsement and the exemplars proffered by the defendants are not dissimilar (see Deutsche Bank Natl. Trust Co. v Gatti, 184 AD3d 550, 551).
The remainder of the defendants' allegations relating to standing also were palpably insufficient. Challenges to a mere assignment of mortgage are irrelevant to the issue of the plaintiff's standing to foreclose, as the mortgage is not the dispositive document of title (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362; Citimortgage, Inc. v Zagoory, 198 AD3d 715, 717). Similarly, the investor codes listed in the defendants' payment history were irrelevant to the issue of standing.
The Supreme Court properly determined that the remainder of the proposed affirmative defenses and counterclaims raised in the defendants' two motions for leave to serve an amended answer were palpably insufficient and/or patently devoid of merit. In particular, the fraud counterclaims were insufficiently pleaded (see generally Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142). The claim alleging conversion due to improper application of the defendants' payments was patently without merit, as the payment history submitted by the defendants established that the payments were properly applied. Further, the note is a negotiable instrument (see UCC 3-104[2][d]; JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1515). Accordingly, the defendants' second motion for leave to serve an amended answer was properly denied.
Generally, in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default (see U.S. Bank N.A. v Fabbro, 192 AD3d at 1178; 21st Mtge. Corp. v Broderick, 191 AD3d 744, 745). Here, the plaintiff failed to submit admissible evidence establishing the defendants' default. The plaintiff's employee who submitted an affidavit in support of its cross motion for summary judgment failed to [*3]attach the business records upon which she relied, and thus, her averment to the defendants' default was hearsay lacking in probative value (see Citibank, N.A. v Yanling Wu, 199 AD3d 48, 58; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205-206). Accordingly, the plaintiff failed to meet its prima facie burden, and those branches of its cross motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer and affirmative defenses, and for an order of reference should have been denied.
The defendants' contention that they were denied due process by the timing of the Supreme Court's consideration of the various motions is without merit. Courts have an inherent power to control their calendars (see Schreiber-Cross v State of New York, 57 AD3d 881, 884), and the timing of the court's consideration of the motions did not prejudice the defendants. The defendants' contention that the Supreme Court was biased against them is not properly before this Court and, in any event, is without merit (see Feldman v Feldman, 185 AD3d 552, 554-555).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court