Wells Fargo Bank, N.A. v Lafata (2022 NY Slip Op 05888)

Wells Fargo Bank, N.A. v Lafata

2022 NY Slip Op 05888

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2019-10688
 (Index No. 53186/17)

[*1]Wells Fargo Bank, N.A., appellant,
v
Catherine Lafata, etc., respondent, et al., defendants.

McCalla Raymer Leibert Pierce, LLC, New York, NY (Margaret S. Stefandl of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Kathie E. Davidson, J.), dated June 10, 2019. The judgment, upon an order of the same court dated May 14, 2019, inter alia, confirming a referee's report, after a nonjury trial, is in favor of the defendant Catherine Lafata and against the plaintiff dismissing the complaint and directing the cancellation and discharge of the notice of pendency filed against the subject property.
ORDERED that the judgment is reversed, on the law, with costs, the order dated May 14, 2019, is vacated, the complaint is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.
In March 2017, the plaintiff commenced this action against the defendant Catherine Lafata (hereinafter the defendant), among others, to foreclose a mortgage on certain property in Scarsdale and to reform the mortgage to correct the legal description of the premises. The defendant interposed a verified answer asserting various affirmative defenses, including that the action was barred by the applicable statute of limitations. After a nonjury trial, a special referee issued a report finding that the defendant was entitled to judgment dismissing the complaint insofar as asserted against her on the ground that the action was barred by the statute of limitations. By order dated May 14, 2019, the Supreme Court, inter alia, confirmed the referee's report. Thereafter, the court entered a judgment dated June 10, 2019, in favor of the defendant and against the plaintiff dismissing the complaint and directing the Clerk of the County of Westchester to cancel and discharge the notice of pendency. The plaintiff appeals.
A mortgage foreclosure action is subject to a six-year statute of limitations (see CPLR 213[4]; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). Acceleration may occur, inter alia, by the commencement of a foreclosure action (see Fannie Mae v 133 Mgt., LLC, 126 AD3d 670, 670).
"A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period" (NMNT [*2]Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069). "[W]here acceleration occur[s] by virtue of the filing of a complaint in a foreclosure action, the noteholder's voluntary discontinuance of that action constitutes an affirmative act of revocation of that acceleration as a matter of law, absent an express, contemporaneous statement to the contrary by the noteholder" (Freedom Mtge. Corp. v Engel, 37 NY3d 1, 32).
In reviewing a determination made after a nonjury trial, this Court's power is as broad at that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case that the trial court had the advantage of seeing and hearing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Bank of Am., N.A. v Bloom, 202 AD3d 736, 737).
Here, through testimony and the admission of documentary evidence, the plaintiff established that while the mortgage debt was accelerated by the commencement of a prior foreclosure action in 2008, that action was voluntarily discontinued on or about September 30, 2011. The discontinuance of the prior action constituted an affirmative act of revocation of the acceleration of the debt within the six-year limitation period. Therefore, the instant action is timely (see Freedom Mtge. Corp. v Engel, 37 NY3d at 1; U.S. Bank N.A. v Krakoff, 199 AD3d 859, 862).
In light of the foregoing, the Supreme Court's determination that the action was time-barred was not warranted by the facts. Accordingly, we remit the matter to the Supreme Court, Westchester County for further proceedings consistent herewith.
DILLON, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court