Trust v Rashid (2024 NY Slip Op 03404)

Trust v Rashid

2024 NY Slip Op 03404

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2019-10513
 (Index No. 28590/09)

[*1]Christiana Trust, etc., respondent, 
v
Fawad Rashid, appellant, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Fawad Rashid appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered May 31, 2019. The order and judgment of foreclosure and sale, upon a decision of the same court (Howard G. Lane, J.) dated December 5, 2017, made after a nonjury trial, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law and the facts, with costs, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the complaint is dismissed insofar as asserted against the defendant Fawad Rashid.
In July 2006, the defendant Fawad Rashid (hereinafter the defendant) executed a note in favor of Washington Mutual Bank, FA. The note was secured by a mortgage on a residential condominium unit located in Queens. In October 2009, JPMorgan Chase Bank, NA (hereinafter JPMorgan), commenced this action against the defendant, among others, to foreclose the mortgage. The defendant interposed an answer with various affirmative defenses, including lack of standing. JPMorgan moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. In an order dated October 2, 2014, the Supreme Court, among other things, denied those branches of JPMorgan's motion, finding that JPMorgan failed to establish, prima facie, its standing to commence the action. Thereafter, the mortgage was assigned to Christiana Trust, and the court granted JPMorgan's motion to substitute Christiana Trust as the plaintiff. After a nonjury trial, the court, inter alia, determined that JPMorgan had standing to commence the action and that Christiana Trust established its entitlement to foreclose the mortgage and compliance with the notice requirements of the mortgage agreement. The court struck the defendant's answer and referred the matter to a referee to compute the amount due to Christiana Trust.
In November 2018, the referee conducted a hearing and calculated the amount due to Christiana Trust. Christiana Trust moved to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale entered May 31, 2019, the Supreme Court granted Christiana Trust's motion and directed the sale of the subject property. The defendant appeals.
In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind in a close case that the trial judge had the advantage of seeing the witnesses and hearing the testimony (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Wells Fargo Bank, N.A. v Lafata, 209 AD3d 928, 929). "To establish a prima facie case in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default" (Bank of Am., N.A. v Bloom, 202 AD3d 736, 736; see Wells Fargo Bank, NA v Apt, 179 AD3d 1145, 1147).
Contrary to the defendant's contention, the Supreme Court properly determined that JPMorgan had standing to commence this action. Where, as here, a defendant places standing in issue, the plaintiff must prove its standing in order to be entitled to relief (see U.S. Bank N.A. v Fabbro, 192 AD3d 1178, 1178; 21st Mtge. Corp. v Broderick, 191 AD3d 744, 746). "A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced" (U.S. Bank N.A. v Fabbro, 192 AD3d at 1179; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361). "'Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident'" (21st Mtge. Corp. v Rudman, 201 AD3d 618, 620, quoting U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754). Here, Christiana Trust offered at trial an affidavit from a representative of the Federal Deposit Insurance Corporation, which established that JPMorgan purchased the note on September 25, 2008, prior to the commencement of the action. Since JPMorgan acquired the subject loan prior to the commencement of the action in October 2009, Christiana Trust established JPMorgan's standing to commence the action (see JPMorgan Chase Bank, N.A. v Gottlieb, 188 AD3d 1171, 1172; JPMorgan Chase Bank, N.A. v Atedgi, 162 AD3d 756, 757-758).
However, the Supreme Court's determination that Christiana Trust established the defendant's default in payment was not warranted by the facts. In order to establish the defendant's default, Christiana Trust relied upon the testimony of Carie Sciabica, an employee of Planet Home Lending, LLC (hereinafter Planet Home Lending), the servicer for the subject loan. However, the only business record relied upon by Sciabica was a notice of default (see Wilmington Sav. Fund, FSB v Peters, 189 AD3d 937, 939; JPMorgan Chase Bank, N.A. v Akanda, 177 AD3d 718, 719-720). Although Sciabica testified that the servicing notes and records from the prior loan servicer were "boarded" into Planet Home Lending's records, no payment records were offered at trial. "'[W]hile a witness may read into the record from the contents of a document which has been admitted into evidence, a witness's description of a document not admitted into evidence is hearsay'" (JPMorgan Chase Bank, N.A. v Akanda, 177 AD3d at 719-720, quoting U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 774). "[I]t is the business record itself, not the foundational [testimony], that serves as proof of the matter asserted" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205).
Furthermore, the Supreme Court should have determined that Christiana Trust failed to establish compliance with the notice requirements of the mortgage agreement (see U.S. Bank N.A. v Kissi, 219 AD3d 1551; Citimortgage, Inc. v Leitman, 201 AD3d 864, 867). Contrary to the court's determination, the defendant did not waive the defense (cf. Deutsche Bank Natl. Trust Co. v Wentworth, 211 AD3d 684).
Accordingly, the Supreme Court should not have struck the defendant's answer and referred the matter to a referee to compute the amount due to Christiana Trust, and the court should have dismissed the complaint insofar as asserted against the defendant.
In light of the foregoing, we need not reach the defendant's remaining contentions.
BRATHWAITE NELSON, J.P., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court