DBI/ASG Mtge. Holdings, LLC v Tachtchouk (2025 NY Slip Op 04761)

DBI/ASG Mtge. Holdings, LLC v Tachtchouk

2025 NY Slip Op 04761

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-00749
 (Index No. 136158/15)

[*1]DBI/ASG Mortgage Holdings, LLC, appellant,
v
Viktor Tachtchouk, et al., defendants, Olga Tachtchouk, respondent.

Hasbani & Light, P.C., New York, NY (Mojdeh Malekan and Shachar Hadar of counsel), for appellant.
Justin F. Pane, P.C., Bohemia, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated September 29, 2022. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Olga Tachtchouk and dismissing that defendant's affirmative defenses and counterclaims, to strike that defendant's answer, and for an order of reference.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment dismissing the third, fourth, fifth, and sixth affirmative defenses and the counterclaims of the defendant Olga Tachtchouk, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On August 24, 2005, the defendant Viktor Tachtchouk executed a home equity line of credit (hereinafter HELOC) agreement in the sum of $150,000 in favor of National City Bank, which was secured by a mortgage on certain real property located in Staten Island. The property was owned by Viktor and his then wife, the defendant Olga Tachtchouk, as tenants by the entirety. Viktor and Olga thereafter transferred ownership of the property to Olga alone.
On December 23, 2015, the plaintiff commenced this action to foreclose the mortgage against Viktor and Olga, among others. In her answer, Olga alleged, inter alia, that the plaintiff lacked standing and that her interest in the property is not encumbered because she did not execute the HELOC agreement and mortgage. The plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against Olga and dismissing her affirmative defenses and counterclaims, to strike her answer, and for an order of reference. In an order dated September 29, 2022, the Supreme Court, inter alia, denied those branches of the plaintiff's motion. The plaintiff appeals.
"'To establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must produce the mortgage, the unpaid note, and evidence of the default'" [*2](Deutsche Bank Natl. Trust Co. v Saavedra, 228 AD3d 828, 829, quoting MTGLQ Invs., L.P. v Rashid, 213 AD3d 839, 840). Moreover, "[w]here, as here, a defendant places standing in issue, the plaintiff must prove its standing in order to be entitled to relief" (Christiana Trust v Rashid, 228 AD3d 822, 824; see U.S. Bank N.A. v Fabbro, 192 AD3d 1178, 1178). "'The plaintiff has the burden of establishing, by evidence in admissible form, its prima facie entitlement to judgment as a matter of law'" (Deutsche Bank Natl. Trust Co. v Saavedra, 228 AD3d at 829, quoting MTGLQ Invs., L.P. v Rashid, 213 AD3d at 840).
Here, the plaintiff failed to demonstrate its prima facie entitlement to judgment as a matter of law on the complaint insofar as asserted against Olga. It is undisputed that the HELOC agreement and mortgage were executed by Viktor alone and, therefore, did not encumber Olga's interest in the property (see U.S. Bank N.A. v Saff, 191 AD3d 733, 736). To the extent the plaintiff argues that it should have been awarded summary judgment on the complaint insofar as asserted against Viktor, the plaintiff failed to move for this relief in the Supreme Court.
Moreover, the plaintiff failed to establish, prima facie, its standing to commence this action. "A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced" (U.S. Bank N.A. v Fabbro, 192 AD3d at 1179). "'Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident'" (id., quoting U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754). "'[I]t is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted'" (Bayview Loan Servicing, LLC v Healey, 229 AD3d 749, 752, quoting Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205). Here, an affidavit of Ron Bookman, a data analyst for the plaintiff, failed to establish the plaintiff's standing, as he did not have personal knowledge of the facts, and the business records attached to his affidavit failed to establish, prima facie, that the plaintiff had possession of the HELOC agreement prior to the commencement of the action (see Bayview Loan Servicing, LLC v Healey, 229 AD3d at 752; Bank of N.Y. Mellon v Gordon, 171 AD3d at 209).
Since the plaintiff failed to meet its prima facie burden, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Olga and dismissing her first and second affirmative defenses, to strike her answer, and for an order of reference, regardless of the sufficiency of her opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, Olga concedes that the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment dismissing her third, fourth, fifth, and sixth affirmative defenses and her counterclaims. Accordingly, we modify the order appealed from by granting that branch of the plaintiff's motion.
BARROS, J.P., MILLER, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court