Deutsche Bank Natl. Trust Co. v Julius
2026 NY Slip Op 03291
May 27, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Deutsche Bank National Trust Company, etc., appellant,
v
Kimara Julius, respondent, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 27, 2026
2024-02929, (Index No. 722105/21)
Colleen D. Duffy, J.P.
Deborah A. Dowling
Barry E. Warhit
Susan Quirk, JJ.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for appellant.
Queens Legal Services, Jamaica, NY (Christina A. Santora of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Anna Culley, J.), entered March 11, 2024. The order, insofar as appealed from, upon reargument, adhered to a prior determination in an order of the same court entered June 14, 2023, denying those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Kimara Julius, to strike that defendant's answer, and for an order of reference.
ORDERED that the order entered March 11, 2024, is affirmed insofar as appealed from, with costs.
In January 2013, the plaintiff commenced this action against the defendant Kimara Julius (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Saint Albans. The defendant interposed an answer and asserted, as an affirmative defense, that the plaintiff lacked standing. In August 2022, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The defendant opposed the motion. In an order entered June 14, 2023, the Supreme Court denied the motion, determining that the plaintiff failed to make a prima facie showing that it had standing to commence this action.
In July 2023, the plaintiff moved for leave to reargue its prior motion. The defendant opposed the motion. In an order entered March 11, 2024, the Supreme Court, among other things, granted reargument and, upon reargument, adhered to its prior determination denying those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference.
"A motion for leave to reargue shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (Milennium Dev. & Constr., LLC v Pick, 235 AD3d 737, 739 [internal quotation marks omitted]; see CPLR 2221[d][2]). While the determination to grant leave to reargue lies within the sound discretion of the court (see Degraw Constr. Group, [*2]Inc. v McGowan Bldrs., Inc., 178 AD3d 772, 773), a motion for leave to reargue "is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present arguments different from those originally presented" (McGill v Goldman, 261 AD2d 593, 594; see Emigrant Bank v Kaufman, 223 AD3d 650, 652).
Here, the plaintiff's motion for leave to reargue was properly based upon matters of fact or law allegedly overlooked or misapprehended by the Supreme Court in determining its prior motion (see Emigrant Bank v Kaufman, 223 AD3d at 652). Contrary to the defendant's contention, the plaintiff raised the issue of standing based on a written assignment of the note in its initial papers in support of its prior motion and, thus, did not improperly raise this argument for the first time in its reply papers in support of the prior motion.
However, upon reargument, the Supreme Court properly adhered to its prior determination denying those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. "A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced" (U.S. Bank N.A. v Fabbro, 192 AD3d 1178, 1179). "'Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident'" (id., quoting U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754). Here, contrary to the plaintiff's contention, it failed to establish that it was either the holder or the valid assignee of the underlying note at the time the action was commenced (see Aurora Loan Servs., LLC v Baritz, 144 AD3d 618, 620; Aurora Loan Servs., LLC v Mercius, 138 AD3d 650).
The plaintiff's remaining contentions are without merit.
DUFFY, J.P., DOWLING, WARHIT and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court